

**FILED**
**MARCH 24, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN D. FAILS, PRO SE, | § | |
| also known as | § | |
| JOHN DANIEL FAILS, JR., | § | |
| also known as | § | |
| JOHN D. FAILS, JR. | § | |
| TDCJ-CID No. 1335587, | § | |
| Previous TDCJ-CID No. 1330335, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0088 |
| | § | |
| DENISE DeSHIELDS, Medical Director, | § | |
| Texas Tech University Health Science Center, | § | |
| BRAD LIVINGSTON, Executive Director, | § | |
| Texas Department of Criminal Justice, | § | |
| GERALD DAVIS, Asst. Warden at Neal Unit, | § | |
| RISSIE OWENS, Chairperson, Texas Board of | § | |
| Pardons and Paroles, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JOHN D. FAILS, also known as JOHN DANIEL FAILS, JR., also known as JOHN D. FAILS, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Amended Complaint, plaintiff, an insulin-dependent diabetic, alleges he injured his left knee on January 29, 2006, when he stepped out of the shower onto slippery floors without slip resistant flooring, caution signs, or rubber mats, at the Neal Unit. He says he had another accident a few days later and wrote several requests to all the defendants to get help with

his serious medical needs. Plaintiff alleges he hyper-extended his left knee on June 2, 2006, which resulted in a July 31, 2006 referral by the physician's assistant, to an orthopedic specialist for surgery, but that the referral was denied by the unit physician. Plaintiff alleges he also hyper-extended his left knee on September 29, 2006. He says an MRI was done on his left knee on October 27, 2006. He complains these accidents produced serious damage to his left knee requiring the use of crutches and three different types of knee support at all times.

Plaintiff alleges on May 8, 2007, he injured his right knee. He says he was seen by an orthopedic specialist on July 11, 2007, who opined there was no surgery available to fix plaintiff's knees and ordered him to wear two[1] custom knee braces at all times in order to walk, stand, etc. Plaintiff says the unit physician attempted to override the specialist's orders, but does not indicate he actually did override those orders.

Plaintiff claims defendants DeSHIELDS, LIVINGSTON, and OWENS have displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment and defendant DAVIS failed or refused to ensure plaintiff's living condition would not cause any further damage to his already seriously damaged left and right knees. Plaintiff also claims medical negligence.

Plaintiff requests declaratory and injunctive relief, compensatory damages of $1,000,000.00 for "violation of his Eighth Amendment Constitutional Right," $500,000.00 "noneconomic [sic] damages for physical pain and suffering, mental or emotional pain or anguish, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to

---

[1] Plaintiff's Amended Complaint at page 5.

reputation, and all other nonpecuniary [sic] losses of any kind other than exemplary damages;" $300,000.00 in punitive damages, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."  Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Review of the treatment recounted by plaintiff in his Amended Complaint and by plaintiff and prison officials in his grievances and the grievance responses, attached to his Original Complaint, reveals plaintiff did not suffer deliberate indifference to his serious medical needs.

Plaintiff saw a doctor on or about January 25, 2006 for a slip in the shower and was prescribed motrin and crutches, both of which he refused because the crutches were too small and he doesn't like drugs. Plaintiff says the doctor said his knee was too swollen to examine effectively and to submit a sick call in two weeks. On February 20, 2006, plaintiff submitted a

sick call for a follow-up and was scheduled to see the doctor the next day, but plaintiff didn't show up for his appointment. Plaintiff submitted another sick call slip on March 3, 2006 and was scheduled an appointment for March 6, 2006. Plaintiff was evaluated on March 6, 2006, x-rays of his left knee were ordered, and he was again prescribed Motrin. Plaintiff went off-unit on a bench warrant, but, on April 10, 2006, was prescribed a knee brace for 30- days and a low bunk pass for 7 days. Plaintiff returned to the Neal Unit on May 5, 2006, and was evaluated on May 12, 2006, at which time he did not complain of his knee.

Plaintiff states he was placed on crutches on June 24, 2006 and, on July 31, 2006, was referred to a specialist. At about this time, plaintiff received a second x-ray of his knee. On September 29, 2006, plaintiff was continued on crutches and, on October 27, 2006, he states he was given an MRI. Reports revealed a previous knee surgery with minor degenerative changes, and plaintiff was told his knee problem would stabilize over time.

Plaintiff was seen January 26, 2007 for complaints of his knee and was given Ibuprofen and his request for a particular kind of knee brace was noted.

On May 20, 2007, plaintiff grieved that he had sustained four different accidents with his left knee and, on May 8, 2007, had injured his right knee, so he had to wear a knee support on his right knee, along with a knee brace and a knee support on his left knee, and utilized crutches. Upon receipt of his grievance in June of 2007, plaintiff was scheduled to see a physician's assistant about a possible referral to an orthopedic specialist.

In an October 29, 2007 letter to defendant DeSHIELDS, plaintiff states he was seen by an orthopedic specialist on July 11, 2007, who opined there was no surgery available to fix plaintiff's knees.

The treatment recounted above does not constitute deliberate indifference to a serious medical need. While it is clear plaintiff feels more should have been done, and sooner, a disagreement with a doctor over the method and result of medical treatment does not show deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); and plaintiff's dissatisfaction with the results does not elevate his claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff alleges he sent a letter to each of defendants[4] DeSHIELDS, LIVINGSTON, and OWENS expressing his intent to sue and demanding relief in the form of release, monetary settlement, medical coverage and the ability to see the medical professionals of his choice.

Plaintiff's letter or demand does not, however, establish any duty upon these defendants. Plaintiff has alleged no fact showing any one or more of the named defendants was personally involved in his medical care. In fact, the only basis for suing the defendants appears to be their supervisory positions, defendant DeSHIELDS, as Medical Director of TTU Health Services Office of Correctional Health Care System; defendant LIVINGSTON, as Executive Director of the Texas Department of Criminal Justice; defendant DAVIS, as Assistant Warden at the Neal Unit; and defendant OWENS, as Chairperson of the Texas Board of Pardons and Paroles.

The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal

---

[4] The letter to defendant Shields is dated October 29, 2007; that to defendant Livingston, March 14, 2008'; and that to defendant Owens, is dated March 31, 2008 and February 14, 2008.

connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff says he complained to each of the defendants in an attempt to obtain better medical care; however, plaintiff's complaints about medical care which he did not find satisfactory but which was not constitutionally deficient, would not place any defendant on notice that there was a substantial risk of serious harm to plaintiff's health or safety.

Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

Plaintiff's claims against the defendants lack an arguable basis in law and in fact and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff JOHN D. FAILS filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise pendant jurisdiction of any state law claims asserted; and they be dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715,

86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of March 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).